**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERVICE EMPLOYEES PENSION FUND OF UPSTATE NEW YORK by Adam Fitzgerald, John Murray, Kevin Lockhart, Scott Phillipson, and Maureen Tomlinson as Trustees and Fiduciaries, )<br><br>Plaintiffs,<br><br>-against-<br><br>ONEIDA CENTERS REHABILITATION & SENIOR LIVING 1445 Kemble Street Utica, New York 13501<br><br>Defendant. | **COMPLAINT**<br><br><br><br>Civil Action No.<br>5:24-cv-00170 (GTS/ ML) |

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendant, respectfully allege as follows:

### I. JURISDICTION AND VENUE

1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended [hereinafter the "ERISA"] [29 U.S.C. §1001 *et seq*]. It is an action by the fiduciaries of the employee benefit pension plan for monetary and injunctive relief to redress violations of ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1132(g)(2), and 1145].

2.     Jurisdiction is conferred on this Court by ERISA Section 502(a), (e), and (g)(2) [29 U.S.C. §1132(a), (e), and (g)(2)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. § 1132(f)].

3.     Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)]. It is an action brought in the judicial district where the multiemployer pension plan is administered and where the breach took place.

4.     This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended ["LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other

things, violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 *et seq.*].

5.     Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

## II. DESCRIPTION OF THE PARTIES

6.     Plaintiffs Adam Fitzgerald, John Murray, Kevin Lockhart, Scott Phillipson, and Maureen Tomlinson are Trustees of the Service Employees Pension Fund of Upstate New York [hereinafter "Plan" or "Fund"].  Adam Fitzgerald, John Murray, Kevin Lockhart, Scott Phillipson, and Maureen Tomlinson are fiduciaries of the Fund as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

7.   The Plan, established pursuant to various collective bargaining agreements, is a multiemployer plan, as defined in ERISA Sections 3(3) and (37)(A) [29 U.S.C. §§1002(3), (37)(A)], and is an employee benefit pension plan, as defined in ERISA Section 3(2) [29 U.S.C. §1002(2)]. The Plan is administered within the Northern District of New York at 701 Erie Boulevard West, Syracuse, New York 13204.

8.   Upon information and belief, Oneida Centers Rehabilitation & Senior Living [hereinafter "Corporation"] is a domestic corporation incorporated under the laws of the State of New York, having its principal place of business and offices located at 1445 Kemble Street, Utica, New York 13501.

9.     Defendants are an employer in an industry affecting commerce, all as defined in ERISA Sections 3(5), (11) and (12) [29 U.S.C. §1002(5), (11) and (12)]. Defendants are also an employer of employees covered by multiemployer plans maintained pursuant to collective

bargaining agreements, and they were obligated to make contributions to the Fund in accordance with ERISA Section 515 [29 U.S.C. §§1145].

10.     The Defendant Corporation is an employer in an industry affecting commerce within the meaning of the LMRA Section 301(a) [29 U.S.C. §185(a)].

### III.  FIRST CAUSE OF ACTION

11.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "10" inclusive of this Complaint as if set forth fully at this point.

12.     ERISA Section 515 [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

13.     At all times relevant herein, Defendant Corporation is party to collective bargaining agreements with 1199SEIU United Healthcare Workers East ["Agreements"].

14.     Pursuant to the Agreements, Defendant Corporation is bound by the terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust of the Service Employees Pension Fund of Upstate New York and the Collections Policy of the Service Employees Pension Fund of Upstate New York [hereinafter "Trust" and "Collections Policy"].

15.     The Agreements and Trust obligate Defendant Corporation to remit pension plan contributions to the Fund.

16.     In addition to the above and pursuant to the Agreements, the Trust, and the Collections Policy together with ERISA Section 502(g)(2) [29 U.S.C. §1132(g)(2)], in the event the Defendant Corporation fails to timely remit contributions, it becomes liable not only for the amount of contributions due but also for the following:  (1) interest on the unpaid contributions calculated at the rate of twenty-four percent (24%) per annum; (2) the greater of interest on the

delinquent contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) the costs and fees of collection, including auditing fees, attorneys' fees, paralegal fees, and costs.

17.     Unless the employer is chronically delinquent, the Agreements, Trust, and Collections Policy obligate the Defendant Corporation to remit the contributions on or before the sixtieth (60th) day following the end of the month during which the hours, for which contributions are required, are worked by the employees.

18.     Pursuant to the Agreements, Trust, and Collections Policy, Defendant Corporation must timely report on a monthly basis the number of hours worked by all of their employees performing bargaining unit work.

19.     Defendant Corporation is contractually and statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining work performed by all of their employees.

20.     The Agreements, Trust, and Collections Policy further obligate Defendant Corporation to permit Plaintiffs, on demand, to check, examine, and audit Defendant's books and records, including their payroll records, relating to hours worked by the subcontractors and the employees, including Union, non-Union, bargaining unit, and non-bargaining unit employees.

21.     Defendant Corporation is contractually and statutorily liable under ERISA, the Trust, and Collections Policy to pay the costs and expense of the audit, all auditing fees together with any and all attorneys' fees, paralegal fees, and costs incurred by the Plaintiffs in obtaining an audit.

22.     On or about August 11, 2023, the Fund sent a letter to Defendant Corporation seeking the books and records necessary to determine whether the employer remitted the correct amounts to the Fund. A true and correct copy of this letter is attached hereto as Exhibit "A."

23.     On or about September 21, 2023, the Fund sent a second letter to Defendant Corporation  seeking the books and records necessary for the audit. A true and correct copy of this letter is attached hereto as Exhibit "B."

24.     On or about January 18, 2024, counsel for the Fund sent a letter to Defendant Corporation again seeking the disclosure of the required materials and to resolve the dispute without litigation. A true and correct copy of this letter is attached hereto as Exhibit "C."

25.     Despite the correspondence attached to this Complaint, the parties have been unable to resolve the audit dispute.

26.     Defendant Corporation must be ordered to produce its books and records for Plaintiffs' review and audit for the period January 1, 2019 to date. In the event the auditors discover that the Defendant has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, Defendant Corporation is liable for the contributions, interest, liquidated damages, attorneys' fees, audit costs, as well as other costs and expenses of collection at the rates set forth in the Collections Policy.

### IV.  SECOND CAUSE OF ACTION

27.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28.     If this Court does not enjoin Defendant Corporation from further violations of ERISA, LMRA, the Agreements, the Trust, and the Collections Policy, Plaintiff Fund will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

29.     Defendant Corporation has failed to comply with its obligations to the Plaintiff Fund, despite due demand for compliance, and unless this Court enjoins Defendant Corporation from violating ERISA, LMRA, the Agreements, the Trust, and the Collections Policy, Defendant

Corporation will continue to fail to timely remit contributions and monthly remittance reports described above, causing Plaintiff Fund and the beneficiaries of the Fund to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Fund and endangering the payment of promised benefits from the Fund to qualified beneficiaries.

30.    Defendant Corporation's failure to comply with its obligations to the Fund has reduced the corpus and income of the Fund thereby jeopardizing the stability and soundness of the Fund as well as the ability to pay benefits.

31.    Defendant Corporation's failure to comply with its obligations to the Fund may cause sufficient instability to the Fund's financial affairs such that participant benefits may be reduced or terminated.

32.    Because Defendant Corporation continues to fail to comply with its obligations to the Fund, new delinquencies are now being created monthly, again depriving the Fund of adequate monies to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

33.    Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

34.    Unless this Court enjoins Defendant Corporation from breaching ERISA, LMRA, the Agreements, Trusts, and Collections Policy and unless Defendant Corporation is compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Fund, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendant by granting such relief.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Trustees on behalf of the Fund demand judgment against Defendant Oneida Centers Rehabilitation & Senior Living as follows:

A. On Plaintiffs' First Causes of Action, judgment against the Defendant:

    i. Requiring the employer to produce the books and records for Plaintiffs' review and audit for the period January 1, 2019 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit; and

    ii. For any and all contributions and deductions that are determined to be due pursuant to the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees, attorneys' fees, and paralegal fees all at the rates set forth in the Collections Policy.

B. On Plaintiffs' Second Cause of Action, judgment against the Defendant as follows:

    i. Judgment for any and all additional contributions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest and liquidated damages as set forth herein;

    ii. A permanent injunction preventing and restraining the Defendant from breaching the Agreements, the Declaration of Trust, and the Collections Policy by which it is bound; and

    iii. A permanent injunction directing the Defendant to perform and continue to perform its obligations to the Plaintiffs, specifically, directing it to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendant's expense, access to its books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

C.     Such further relief as the Court deems just and proper.

DATED: February 5, 2024                          **BLITMAN & KING LLP**


By:    _____
       Daniel Kornfeld, of Counsel
       Bar Roll Number: 512429
       Attorneys for Plaintiffs
       Office and Post Office Address
       Franklin Center, Suite 300
       443 North Franklin Street
       Syracuse, New York 13204
       Telephone:  (315) 422-7111
       Facsimile:  (315) 471-2623
       e-mail: dekornfeld@bklawyers.com

# EXHIBIT "A"



**SERVICE EMPLOYEES PENSION FUND OF UPSTATE NEW YORK**

701 Erie Boulevard West, Syracuse, NY 13204
Phone (315) 424-1754 | Fax (315) 479-9030 | 800-733-1754

1659 Central Avenue, Suite 205, Albany, NY 12205
Phone (518) 608-4415 | Fax (518) 608-4518

August 11, 2023

Mattis Kovalenko, Regional HR Director
Oneida Centers – Rehabilitation & Senior Living
4770 White Plains Road
Bronx, NY 10470

**MattisK@centersbusiness.org**

AUDIT NOTIFICATION

Dear Mr. Kovalenko:

Pursuant to the authority granted under Article IV, Section 4 of the Restated Agreement and Declaration of Trust, the Trustees of the Service Employees Pension Fund of Upstate New York have engaged David Rowe to conduct audits of the information reported by employers on their monthly remittance reports for pension contributions. Employers are selected for audit, generally on a random basis. Such audits will include, among other procedures, comparing the information on remittance reports to payroll records and payroll tax reports of the contributing employers and comparing general ledger expenses and issued 1099's.

The Trustees view the conduct of these audits as one of the procedures necessary to fulfill their fiduciary responsibilities under the Employee Retirement Income Security Act of 1974 (ERISA) and to comply with the Generally Accepted Auditing Standards for the required audit of the Fund's annual financial statements.

Your facility has been selected for an audit of its payroll records. Mr. Rowe will be contacting you in the near future to make the appropriate arrangements. You should anticipate the audit beginning on **September 1, 2023 or shortly thereafter.**

For our auditor to complete the procedure, please have the following records for the period **January 1, 2019 through December 31, 2021** available:

    (1)    Payroll Journals or equivalent (i.e. payroll service records) indicating gross wages, hours worked, hours paid, and wage rate.

    (2)    Forms 941, Employer's Quarterly Federal Tax Return, Forms NYS-45, Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Return, as well as any other state payroll filings (if applicable) for each of the quarters.

    (3)    Master payroll records.

(4)    General ledger expense accounts and 1099's.

(5)    Job titles, start dates and term dates for all employees during the audited period.

When our auditor contacts you in the near future, he will discuss the possibility of using data extraction software to download the payroll data into usable files, or working with your computer professionals regarding the possibility of the payroll data being exported into Microsoft Excel and or Adobe, thereby minimizing their need to perform all procedures from your facility. Our auditor may require records beyond those noted above.

Information obtained and reviewed by our auditor will be held in strict confidence. The report to the Trustees of Service Employees Pension Fund of Upstate New York on results of the audit will be limited to facts and circumstances regarding, in their judgment, whether contributions to the Fund have been properly determined and paid by the employer.

If you have any questions regarding the foregoing, please contact me directly at 315-424-1754 x226.

Your cooperation in this matter will be greatly appreciated.

Very truly yours,

SERVICE EMPLOYEES PENSION FUND
OF UPSTATE NEW YORK

*Brittany A. Buffum*

Brittany A. Buffum
Fund Manager

cc:    June Kimber, Union Representative, 1199 SEIU Upstate
       Kevin Lockhart, Vice President, 1199 SEIU Upstate
       David Rowe, Payroll Auditor, SEPFUNY

# EXHIBIT "B"



**SERVICE EMPLOYEES PENSION FUND OF UPSTATE NEW YORK**

701 Erie Boulevard West, Syracuse, NY 13204
Phone (315) 424-1754 | Fax (315) 479-9030 | 800-733-1754

1659 Central Avenue, Suite 205, Albany, NY 12205
Phone (518) 608-4415 | Fax (518) 608-4518

September 21, 2023

Mattis Kovalenko, Regional HR Director
Oneida Centers – Rehabilitation & Senior Living
4770 White Plains Road
Bronx, NY 10470



**MattisK@centersbusiness.org**

AUDIT NOTIFICATION

Dear Mr. Kovalenko:

Pursuant to the authority granted under Article IV, Section 4 of the Restated Agreement and Declaration of Trust, the Trustees of the Service Employees Pension Fund of Upstate New York have engaged David Rowe to conduct audits of the information reported by employers on their monthly remittance reports for pension contributions. Employers are selected for audit, generally on a random basis. Such audits will include, among other procedures, comparing the information on remittance reports to payroll records and payroll tax reports of the contributing employers and comparing general ledger expenses and issued 1099's.

The Trustees view the conduct of these audits as one of the procedures necessary to fulfill their fiduciary responsibilities under the Employee Retirement Income Security Act of 1974 (ERISA) and to comply with the Generally Accepted Auditing Standards for the required audit of the Fund's annual financial statements.

Your facility has been selected for an audit of its payroll records. Mr. Rowe will be contacting you in the near future to make the appropriate arrangements. You should anticipate the audit beginning on **October 15, 2023 or shortly thereafter.**

For our auditor to complete the procedure, please have the following records for the period **January 1, 2019 through December 31, 2021** available:

(1)     Payroll Journals or equivalent (i.e. payroll service records) indicating gross wages, hours worked, hours paid, and wage rate.

(2)     Forms 941, Employer's Quarterly Federal Tax Return, Forms NYS-45, Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Return, as well as any other state payroll filings (if applicable) for each of the quarters.

(3)     Master payroll records.

      (4)      General ledger expense accounts and 1099's.

      (5)      Job titles, start dates and term dates for all employees during the audited period.

When our auditor contacts you in the near future, he will discuss the possibility of using data extraction software to download the payroll data into usable files, or working with your computer professionals regarding the possibility of the payroll data being exported into Microsoft Excel and or Adobe, thereby minimizing their need to perform all procedures from your facility. Our auditor may require records beyond those noted above.

Information obtained and reviewed by our auditor will be held in strict confidence. The report to the Trustees of Service Employees Pension Fund of Upstate New York on results of the audit will be limited to facts and circumstances regarding, in their judgment, whether contributions to the Fund have been properly determined and paid by the employer.

If you have any questions regarding the foregoing, please contact me directly at 315-424-1754 x226.

Your cooperation in this matter will be greatly appreciated.

                      Very truly yours,

                      SERVICE EMPLOYEES PENSION FUND
                      OF UPSTATE NEW YORK

                      *Brittany A. Buffum*

                      Brittany A. Buffum
                      Fund Manager

cc:    June Kimber, Union Representative, 1199 SEIU Upstate
       Kevin Lockhart, Vice President, 1199 SEIU Upstate
       David Rowe, Payroll Auditor, SEPFUNY

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

# EXHIBIT "C"

Bernard T. King
Charles E. Blitman
Kenneth L. Wagner
Timothy R. Bauman
Nathaniel G. Lambright
Daniel E. Kornfeld
Daniel R. Brice
Brian J. LaClair
Bryan T. Arnault
Nolan J. Lafler
Paul K. Brown

Nathan H. Blitman
(1909-1990)



## Blitman & King LLP

Attorneys and Counselors at Law

Syracuse • Rochester • New York • Albany

443 North Franklin Street, Suite 300
Syracuse, New York 13204
Tel: (315) 422-7111
Fax: (315) 471-2623

Robert L. Menard
Matthew T. Tokarsky
F. Wesley Turner

*Of Counsel*
James R. LaVaute
Jules L. Smith
Donald D. Oliver
Richard S. Corenthal
Jennifer A. Clark

*bklawyers.com*

January 18, 2024
*dekornfeld@bklawyers.com*

Mattis Kovalenko, Director                    **VIA E-MAIL AND REGULAR MAIL**
Oneida Centers – Rehabilitation & Senior Living
4770 White Plains Road
Bronx, New York 14203
E-mail: MattisK@centersbusiness.org

   **Re:**  **Service Employees Pension Fund of Upstate New York**

Dear Mr. Kovalenko:

   This firm represents the Service Employees Pension Fund of Upstate New York ("Fund"). This letter concerns the letters that Fund Manager Buffum sent to you on August 11 and September 21, 2023. Copies of these letters are enclosed for your convenience.

   As you will see in the enclosure, the Fund has not received the information required to determine the amounts owed to the Fund from Oneida Centers – Rehabilitation & Senior Living ("Company") pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Please provide your written response and the responsive information to my attention at the address above by February 1, 2024.  If I do not receive these materials by the beginning of next month, the Fund's Trustees may decide in their discretion to commence a civil action before the United States District Court for the Northern District of New York to collect the contributions, interest, liquidated damages, attorneys' fees, and costs pursuant to the Fund's Collections Policy.  The Trustees hope the parties can resolve these concerns without resorting to litigation.

   If you have any questions, please consult with your legal counsel.

       Sincerely,

       **BLITMAN & KING LLP**

       Daniel Kornfeld



January 18, 2024
Page 2

DEK/tss
Encl.

cc:   Brittany Buffum, Fund Manager (w/ encl.)
      Service Employees Pension Fund of Upstate New York
      701 Erie Boulevard West
      Syracuse, New York 13204